UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MITCHELL KEITH GOODRUM,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>STATE OF NEVADA, et al.,<br><br>　　　　　　　　　Defendants. | Case No. 2:22-cv-00218-APG-NJK<br><br>**Order Granting Motion to Withdraw Settlement Statement, Denying Motions for Other Relief About Mediation, Granting Second IFP Application, and Directing Service of Process**<br><br>(Docket Nos. 1, 4, 14, 17, 18, 19, 20) |

　　This action began with a *pro se* civil-rights complaint filed under 42 U.S.C. § 1983 by a state prisoner. Plaintiff Mitchell Goodrum has submitted two applications to proceed *in forma pauperis* (IFP). Docket Nos. 1, 4. The Court entered a screening order on April 4, 2022, allowing Goodrum's Eighth Amendment claims for deliberate medical indifference to proceed against defendants Roach, Rowley, and Adams. Docket No. 5. The screening order also imposed a 90-day stay, and the Court entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator. Docket Nos. 5, 10. After the mediation concluded, the mediator stated on the record that the parties had not reached a settlement. *See* Docket No. 11. The Office of the Attorney General of the State of Nevada has now filed a status report indicating that settlement has not been reached and informing the Court of its intent to proceed with this action. Docket No. 12.

　　After the conclusion of the mediation and the filing of the Attorney General's status report, Plaintiff filed a document titled "Global Settlement Agreement Statement" that purports to accept, possibly with additional terms, an offer to settle all lawsuits that he has pending in this district. Docket No. 13. Plaintiff submits that the offer was made by Defendants during the mediation. *Id*. The Attorney General's Office responded that no such offer had been made and that the mediation concluded without settlement. Docket No. 16. Plaintiff next filed a motion asking the Court to instruct the Attorney General's Office to "respond responsibly" to his global settlement statement.

1

Docket No. 17. But Plaintiff swiftly followed that motion with another, asking the Court to allow him to withdraw his global settlement statement. Docket No. 18. He next filed a motion asking the Court to ferret out if the mediator or the Attorney General's Office had lied about a global settlement offer. Docket No. 19. Plaintiff rounds out his filings with a motion to compel either the prison or the State of Nevada to provide him a free copy of his entire medical record. Docket No. 20.

It appears from the parties' briefs that there might have been confusion about a potential global settlement offer. The mediator has stated that no settlement was reached, the Attorney General's Office has stated no settlement was reached and no global settlement offer was made, and Plaintiff has now moved to withdraw his "global settlement statement." The Court notes that the parties are always free to privately discuss settlement, but it declines Plaintiff's offer to inquire into the parties' mediation efforts. The Court therefore grants Plaintiff's motion to withdraw his global settlement statement but denies his other motions about the mediation.

No defendant has been served with process in this action, and the Court has not issued an order scheduling discovery. The Court therefore denies without prejudice Plaintiff's motion to compel the production of his medical records. Plaintiff's second IFP application is complete and contains updated financial information and documents, so the Court denies his original application as moot. Based on the financial information provided in the second IFP application, the Court finds that Plaintiff is unable to prepay the full filing fee in this matter and, therefore, the Court grants Plaintiff IFP status.

For the foregoing reasons, IT IS THEREFORE ORDERED that:

1. The motion to withdraw global settlement statement, Docket No. 18, is **GRANTED**.

2. The other motions regarding the mediation, Docket Nos. 14, 17, 19, are **DENIED**.

3. The motion to compel the production of medical records, Docket No. 20, is **DENIED WITHOUT PREJUDICE AS PREMATURE**.

4. Plaintiff's original application to proceed *in forma pauperis*, Docket No. 1, is **DENIED AS MOOT**.

5. Plaintiff's second application to proceed *in forma pauperis*, Docket No. 4, is **GRANTED**. Plaintiff will not be required to pay an initial installment of the filing fee; however, the full filing fee must still be paid under 28 U.S.C. § 1915(b)(2) even if this action is dismissed. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.

6. To ensure that Plaintiff pays the full filing fee, the Nevada Department of Corrections must pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **Mitchell K. Goodrum, #1213846** (in months that the account exceeds $10) until the full $350 filing fee has been paid for this action.

7. Service must be perfected no later than **December 6, 2022**, as provided under Federal Rule of Civil Procedure 4(m).

8. Subject to the findings of the screening order, Docket No. 5, no later than **September 28, 2022**, the Attorney General's Office shall file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal.  As to any of the named defendants for whom the Attorney General's Office cannot accept service, it will file under seal—but will not serve the inmate Plaintiff—the last known address(es) of those defendant(s) for whom it has such information.  If the last known address of the defendant(s) is a post office box, the Attorney General's Office must attempt to obtain and provide the last known physical address(es).

9. If service cannot be accepted for any of the named defendant(s), Plaintiff will file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s).  For the defendant(s) as to which the Attorney General's Office has not provided last-known-address information, Plaintiff will provide the full name and address for the defendant(s).

3

10.     If the Attorney General's Office accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the Complaint, Docket No. 6, no later than **November 7, 2022**.

11.     Plaintiff will serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court.  If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required.  Fed. R. Civ. P. 5(d)(1)(B); LR IC 4-1(b); LR 5-1.  However, if Plaintiff mails the document to the Court, he will include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants.  If counsel has entered a notice of appearance, Plaintiff will direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein.  The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

12.     This case is no longer stayed.

The Clerk of the Court is directed to:

- SEND a copy of this order to (1) the Finance Division of the Clerk's Office and (2) the attention of **Chief of Inmate Services for the Nevada Department of Corrections,** P.O. Box 7011, Carson City, NV 89702; and

- Electronically SERVE a copy of this order and a copy of the Complaint, Docket No. 6, on the Attorney General's Office of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet.  This does not indicate acceptance of service.

DATED: September 7, 2022.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE